Requestor: Peter Sisca, Esq., Corporation Counsel Village of Port Chester 461 Westchester Avenue Port Chester, N.Y. 10573
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the Village of Port Chester, a charter village with an appointed village justice and an appointed acting village justice, has authority by local law to create the office of third village justice and appoint that justice.
The Village of Port Chester is one of a few villages in this State governed by a charter established by special act of the State Legislature. Under the charter provisions you have forwarded to me, the board of trustees of the village by a majority vote appoint a police justice of the village. L 1949, ch 851. Similarly, the board of trustees must also appoint an acting police justice who is to perform the duties of the police justice during his temporary disability or absence. Ibid.
In our view, the Village of Port Chester by local law may establish another village justice position and provide for the appointment of that justice. Local governments, including villages, are authorized to enact local laws, consistent with the Constitution and general State laws, in relation to the number, powers, duties, terms of office and other terms and conditions of employment of its officers and employees. Municipal Home Rule Law § 10(1)(ii)(a)(1). The charter of the Village of Port Chester applies only to that village and, therefore, is a special rather than a general State law under the home rule definitions. Id., § 2(5), (12). The village justice is a local officer. Thus, the Village of Port Chester may amend its charter by local law to authorize the appointment of a third village justice.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.